120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Parbin CHAND, Petitioner
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70901.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997**
July 24, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 2
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Parbin Chand, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's finding that Chand's marriage was not entered into in good faith and that he thus was ineligible for a waiver under section 216(c)(4)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1186a(c)(4)(B). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 5
 Chand contends that the BIA erred in finding that his qualifying marriage to a United States citizen was not entered into in good faith. This contention lacks merit.
 
 
 6
 We must sustain the BIA's finding of fact if it is supported by substantial evidence. See Bu Roe v. INS, 771 F.2d 1328, 1331 (9th Cir.1985). In order to obtain a waiver where the qualifying marriage has been terminated within the first two years of the marriage, an alien must demonstrate that the "marriage was entered into in good faith." 8 U.S.C. § 1186a(c)(4)(B). To determine whether a marriage was entered into in good faith, the Immigration and Naturalization Service considers evidence relating to the degree of commitment by both parties to the marital relationship, including evidence of combined financial assets and liabilities, the length of time the parties cohabited after the marriage, and any other relevant evidence. See 8 C.F.R. § 216.5(e)(2) (1997). A marriage is considered a sham if the couple "did not intend to establish a life together at the time they were married." Bu Roe, 771 F.2d at 1331. Evidence of separation after the wedding is relevant to, but not dispositive of, the determination of intent to establish a life together at the time of the marriage. See Bark v. INS, 511 F.2d 1200, 1202 (9th Cir.1975).
 
 
 7
 Here, the BIA concluded that the marriage was' not entered into in good faith. The BIA noted that Chand married Vijay Emmons, a United States citizen, in February 1988 within two weeks of meeting her. See Bu Roe, 771 F.2d at 1331 (considering time frame of the marriage in determining substantial evidence of sham marriage). The BIA also noted that Chand and Emmons did not see each other between February 1988 and March 1989 and that they separated after living together for five months. See Bark, 511 F.2d at 1202; 8 C.F.R. § 216.5(e)(2)(ii). The BIA also found it significant that there was no evidence that Chand was included on the lease of Emmons' residence, that Chand and Emmons kept separate bank accounts, that the bills were in Emmons' name only, and that the only significant asset acquired during the marriage was a car that Emmons purchased with her brother. See 8 C.F.R. § 216.5(e)(2)(i). Accordingly, substantial evidence supports the BIA's finding that Chand did not enter into his marriage with Emmons in good faith. See Bu Roe, 771 F.2d at 1331-32.
 
 
 8
 After Chand filed his petition for review in this case, he filed a motion to reopen with the BIA. Chand then filed a motion to hold in abeyance the petition for review before this court pending the BIA's decision on the motion to reopen. We have jurisdiction to review the BIA's final order of deportation as a final appealable order pursuant to 8 U.S.C. § 1105a(a). See Berroteran-Melendez v. INS, 955 F.2d 1251, 1254-55 (9th Cir.1992). We deny Chand's motion to stay appellate proceedings. In order to afford Chand an opportunity to seek a stay of deportation from the BIA pending resolution of his motion to reopen, however, we stay our mandate for 60 days. See id. at 1258.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3